IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ELGENE LUCZON DE-AMOR, | ) | CIVIL NO. 15-00469 HG-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION THAT |
| | ) | THE DISTRICT COURT DISMISS THE |
| vs. | ) | COMPLAINT WITH PREJUDICE AND |
| | ) | DENY PLAINTIFF'S APPLICATION TO |
| MICHAEL SEABRIGHT, HER WOMAN | ) | PROCEED WITHOUT PREPAYING FEES |
| WITH HIM, AND DAVID EZRA, | ) | OR COSTS |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT
DISMISS THE COMPLAINT WITH PREJUDICE AND DENY PLAINTIFF'S
APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS[1]

Before the Court is Plaintiff Elgene Luczon De-Amor's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), filed on November 6, 2015.  ECF No. 4. As discussed below, the Court FINDS AND RECOMMENDS that the district court DISMISS this action with prejudice and DENY Plaintiff's Application.

DISCUSSION

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  The Court must subject each civil action commenced

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

Additionally, the court may dismiss a complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008).  Rule 8 requires that a complaint include "a short plain statement of the claim" and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1).  A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8.  Hearns, 530 F.3d at 1131 (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)).  Because Plaintiff is appearing pro se in this action, the Court liberally construes the pleadings.  See Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003).

The Court has reviewed Plaintiff's Complaint and

concludes that, even liberally construed, the Complaint fails to state any discernable basis for judicial relief.  Plaintiff lists Chief United States District Judge J. Michael Seabright, an unnamed woman, and Senior United States District Judge David Alan Ezra as defendants in this action.  See ECF No. 1.  The Court is unable to ascertain any claim or cause of action that Plaintiff is attempting to assert against the named Defendants.  The Complaint does not contain a statement of the grounds for jurisdiction, and the Court is unable to discern any basis for jurisdiction from the Complaint.  See Fed. R. Civ. P. 8(a)(1).  Although the Complaint contains statements regarding Plaintiff's physical condition, it does not contain any factual allegations regarding the conduct of the Defendants that would provide sufficient notice to the Defendants of the claims asserted against them.  In sum, the Complaint fails to set forth any cognizable causes of action.

Because it is "absolutely clear that no amendment can cure the defect," the Court RECOMMENDS that the Complaint be DISMISSED WITH PREJUDICE for failure to state a claim.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  Because the Court recommends that the Complaint be dismissed, the Court also RECOMMENDS that Plaintiff's Application be DENIED.

CONCLUSION

The Court FINDS AND RECOMMENDS that the district court DISMISS Plaintiff's Complaint WITH PREJUDICE and DENY Plaintiff's Application to Proceed Without Prepaying Fees or Costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, NOVEMBER 13, 2015.



Richard L. Puglisi
United States Magistrate Judge

**DE-AMOR V. SEABRIGHT, ET AL.; CIVIL NO. 15-00469 HG-RLP; FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE COMPLAINT WITH PREJUDICE AND DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS**